## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

THERESA CZOSNOWSKI,             *
                                      *

            Claimant,           *
                                      *

               v.               *           Civil Case No. RDB-13-1467
                                      *

CAROLYN W. COLVIN,             *
Acting Commissioner of Social Security,    *
                                      *

            Defendant.        *
                                  ******

## REPORT AND RECOMMENDATIONS

Theresa Czosnowski ("Plaintiff") has filed an application for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C § 2412, in the amount of $4,440.00. (ECF No. 22). She has also filed a motion to amend that application to seek only $4,051.50. (ECF No. 23). Because Ms. Czosnowski did not consent to a magistrate judge for all proceedings, her application and motion to amend have been referred to me, pursuant to Standing Order 2014-01, for review and to make recommendations under 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Commissioner has opposed an award of fees due to untimeliness. (ECF No. 24). For the reasons set forth below, I recommend that Ms. Czosnowski's application for attorney's fees, and motion to amend that application, be DENIED.

Ms. Czosnowski filed an application for Supplemental Security Income on September 24, 2009. (Tr. 128-31). Subsequent to a denial of benefits through the administrative appeals process, Ms. Czosnowski petitioned this Court to review the Social Security Administration's decision to deny her claims. (ECF No. 1). At the federal district court level, Ms. Czosnowski is represented by Vincent Piazza, Esq. *See id.* Both parties submitted motions for summary judgment. (ECF Nos. 14, 19). On April 23, 2014, I issued a Report and Recommendations

recommending that the presiding United States District Judge, The Honorable Richard D. Bennett, deny both parties' motions and remand Ms. Czosnowski's case to the Commissioner for further proceedings.   (ECF No. 20).   Neither party filed objections to the Report and Recommendations within the fourteen-day window.   On May 13, 2014, after careful review, Judge Bennett adopted my Report and Recommendations.  (ECF No. 21).   Again, neither party appealed Judge Bennett's order.

On September 2, 2014, Ms. Czosnowski filed the instant application for attorney's fees for Mr. Piazza under the EAJA and 42 U.S.C. §§ 406(b), 1383(d)(2).[1]  (ECF No. 22).  She filed her motion to amend the application on September 5, 2014.  (ECF No. 23).

**ANALYSIS**

Under the EAJA, prevailing parties in civil actions brought by or against the United States are entitled to an award of attorney's fees and expenses unless the court finds the position of the government was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991).  To receive attorney's fees, the prevailing party must submit a fee application and an itemized statement of fees to the court within thirty days of final judgment.  28 U.S.C. § 2412(d)(1)(B); *Crawford*, 935 F.2d at 656.

An order remanding a case under sentence four of section 205(g) of the Social Security Act becomes a "final judgment" if neither party files an appeal within the sixty-day appeal period.  *See Schaefer v. Shalala*, 509 U.S. 292, 302 (1993); *see also* Fed. R. App. P. 4(a) (requiring that a notice of appeal be filed within sixty days of the entry of judgment).  In this

---

[1] Consideration of fees pursuant to § 406(b) and § 1383(d)(2) will be deferred, because such fees are only appropriate where there is an actual award of benefits.  If the SSA allows Ms. Czosnowski's claim upon remand, counsel should renew the request for fees under § 406(b) and § 1383(d)(2) within thirty days from the date of the Plaintiff's Notice of Award.  At this stage, the only relevant question is whether Mr. Piazza should be awarded EAJA fees, or whether the request was untimely.

case, then, the deadline for appeal of Judge Bennett's order was July 14, 2014.  Because no appeal was filed, his order became a final judgment on that date.

Thus, to receive attorney's fees, Ms. Czosnowski had to submit her fee application and itemized statement of fees to the court on or before August 13, 2014.  *See* 28 U.S.C. 2412(d)(1)(B).  She instead filed her application on September 2, 2014.  (ECF No. 22).  I therefore recommend that the application for fees, and the motion to amend the application for fees, be denied.

## CONCLUSION

Based on the foregoing, I recommend that the Court DENY Ms. Czosnowski's application for attorney's fees, (ECF No. 22), and motion to amend, (ECF No. 23).  Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b)(2) and Local Rule 301.5.b.


Dated: January 23, 2015                                       /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge